IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-02256-M-RJ

| | |
|---|---|
| MACK D. BARTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN KATRINA HECKARD, ) | |
| ) | |
| Respondent. ) | |

On November 21, 2023, Mack D. Barton ("petitioner"), a federal inmate, filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. [D.E. 1]. The court now conducts its initial review under 28 U.S.C. § 2243 and dismisses the petition without prejudice.

Background:

On July 11, 2016, in the U.S. District Court for the Western District of Virginia, petitioner pleaded guilty pursuant to a written plea agreement to possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2). See United States v. Barton, No. 7:16-cr-00021-RSB-1 (W.D. Va. July 11, 2016), Mem. of Plea Agreement [D.E. 24].

On October 13, 2016, petitioner was sentenced to of 84 months' imprisonment on Count 1, 60 months consecutive on Count 2, id., J. [D.E. 33], and 24 months on a revocation of the term of supervised release imposed in his prior conviction in the U.S. District Court for the Middle

District of North Carolina, see United States v. Barton, No. 7:16-cr-00047-MFU-1 (W.D. Va.), Transfer of Jurisdiction [D.E. 1] (Sept. 7, 2016), J. (Oct. 14, 2016).

Discussion:

Petitioner generally argues that the Federal Bureau of Prisons ("BOP") wrongly found him ineligible for "time credits" under the First Step Act ("FSA"). See Pet. [D.E. 1]. Petitioner specifically contends he completed his 5-year consecutive gun-crime sentence under § 924(c) such that he is now serving a term of incarceration only for the drug offenses and a revocation, and that his conviction under §§ 841(a)(1) & 841(b)(1) does not render him ineligible for FSA time credits. Id. at 2–3, 6–7. For relief, he seeks full application of FSA credits. Id.

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

> Prior to hearing a § 2241 petition, federal courts require exhaustion of alternative remedies, including administrative appeals. See e.g., Boumediene v. Bush, 553 U.S. 723, 793 (2008); Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010). The exhaustion requirement is a prudential restraint, not a statutory requirement. Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004). It allows agencies to exercise autonomy and discretion and prevents premature judicial intervention. Darby v. Kemp, 957 F.2d 145, 147 (4th Cir. 1992), rev'd on other grounds sub nom. Darby v. Cisneros, 509 U.S. 137 (1993).

Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished).

Successfully exhausting administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (emphasis original, internal quotation marks and citation omitted). "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. at 93.

2

Failure to exhaust administrative remedies is an affirmative defense that generally must be pleaded and proved, see Jones v. Bock, 549 U.S. 199, 216 (2007); Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017), but the court may sua sponte dismiss an action where the failure to exhaust is apparent on the face of the filings, see Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

The BOP has a four-step Administrative Remedy Program. See 28 C.F.R. §§ 542.10, et seq; Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished). An inmate first seeks to informally resolve his complaint by filing Form BP-8 and, if still unresolved, the inmate then must file a formal written "Administrative Remedy Request" (Form BP-9) within twenty days following the date on which the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). An inmate then may appeal the decision to the Regional Director within twenty days of the date of the Warden's BP-9 response by filing Form BP-10. 28 C.F.R. § 542.15. Finally, the inmate may appeal the BP-10 decision to the General Counsel within thirty days of the Regional Director's response by filing Form BP-11. Id. If the inmate does not receive a response within the time allotted for reply, including extensions, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

Here, petitioner acknowledges that he submitted a BP-8 and a BP-9, but not a BP-10 or a BP-11. See Pet. [D.E. 1] at 2. Petitioner baldly asserts that further exhaustion would be "futile" because "those in the chain of command at the BOP who review grievances have no authority within BOP to award FSA credits as it deviates from the BOP's own program statement which remains unchanged [sic]." Id. at 8. Petitioner, however, fails to plausibly allege either that an administrative remedy was not "available" within the meaning of Ross v. Blake, 578 U.S. 632, 643–44 (2016), or that "exceptional circumstances" merit his attempted bypassing of the BOP's

3

Administrative Remedy Program, cf. Timms, 627 F.3d at 530–31; see United States v. Bello-Lopez, No. 3:19-CR-103-MOC, 2023 WL 5493582, at *2 (W.D.N.C. Aug. 24, 2023) ("The inability to receive good-time credits is a generalized complaint applicable to presumably a great many inmates and is not 'extraordinary.'" (citation and internal quotations marks omitted)); see also Crum v. Young, No. 5:20-CV-00658, 2021 WL 2434358, at *2 (S.D.W. Va. June 15, 2021) ("Moreover, '[d]istrict courts have found that exhaustion should not be excused on the basis that an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full [halfway house] placement.'" (alterations in original) (citation omitted)), appeal dismissed, 858 F. App'x 59 (4th Cir. 2021) (per curiam) (unpublished).

Thus, because it is clear from the face of the filings that petitioner did not fully exhaust his available administrative remedies before filing this § 2241 petition, dismissal without prejudice is appropriate. Custis, 851 F.3d at 361; see Rodriguez, 715 F. App'x at 265 ("Failure to exhaust administrative remedies typically results in dismissal without prejudice, in order to allow the refiling of an action once the administrative process is complete.").

## Conclusion:

Accordingly, the court: DISMISSES WITHOUT PREJUDICE the petition; DENIES a Certificate of Appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and DIRECTS the clerk to close the case.

SO ORDERED this 2d day of May, 2024.

RICHARD E. MYERS II
Chief United States District Judge

4